IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

OCT - 2 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

AUDREY HATHORN,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )        No. CIV-13-685-W
                                   )
SODEXO, INC., and SODEXO           )
OPERATIONS, LLC,                   )
                                   )
            Defendants.            )

## ORDER

This matter comes before the Court on the Motion to Dismiss FMLA Claims filed by defendants Sodexo, Inc., and Sodexo Operations, LLC (collectively "Sodexo")[1] pursuant to Rule 12(b)(6), F.R.Civ.P.  Plaintiff Audrey Hathorn has responded in opposition, and Sodexo has filed a reply.  Based upon the record, the Court makes its determination.

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court set forth the standards that this Court must use in determining whether dismissal, as Sodexo has requested, is warranted under Rule 12(b)(6).  The Supreme Court held in accordance with Rule 8, F.R.Civ.P., that a complaint need not contain "heightened fact pleading of specifics," 550 U.S. at 570, or "detailed factual allegations," id. at 555 (citations omitted), but it must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

The United States Court of Appeals for the Tenth Circuit has stated that Twombly imposes a "burden . . . on the plaintiff to frame a 'complaint with enough factual matter

---

[1]Sodexo Operations, LLC, is a wholly-owned subsidiary of Sodexo, Inc.  See Doc. 15 at 1, n.1.

(taken as true) to suggest' that . . . she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 556). Thus, "[t]he allegations [in the instant complaint] must be enough that, if assumed to be true, . . . [Hathorn] plausibly (not just speculatively) has a claim for relief [against Sodexo]." Id. (footnote omitted).

The Court's task at this stage is to determine whether "there are well-pleaded factual allegations," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), in the challenged pleading,[2] and if so, the "[C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 678 (citations omitted).

In this connection, a complaint "'must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008)(quotation and further citation omitted). While "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context," Kansas Penn Gaming, LLC v. Collins,

---

[2]"The [C]ourt's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993)(quotation omitted)(emphasis deleted). That is to say, "the sufficiency of a complaint must rest on its contents alone." Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (citation omitted).

656 F.3d 1210, 1215 (10th Cir. 2011)(citations omitted), neither "'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, . . . suffice." Id. (citation omitted). "[T]he Twombly/Iqbal standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." Khalik v. United Airlines, 671 F.3d 1188, 1193 (10th Cir. 2012). "[I]t demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678 (citations omitted), and more than "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' . . . ." Kansas Penn Gaming, 656 F.3d at 1214 (quoting Twombly, 550 U.S. at 555).

In her complaint, Hathorn has sought relief against her former employer for race discrimination and retaliation under title 42, section 1981 of the United States Code and for interference with, and retaliation for, use of leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Only Hathorn's FMLA claims have been challenged by Sodexo in the instant motion, and in support of these claims, Hathorn has advanced the following allegations in her complaint, which the Court has viewed in the light most favorable to Hathorn:

(1) in 2009, Hathorn was employed by Sodexo as a Human Resources Manager II, in which position she was required to provide human resources support at OU Children's Hospital, Presbyterian Hospital and OU Medical Center in Edmond, Oklahoma;

(2) during Hathorn's employment, (a) her job performance "was at least satisfactory, if not excellent," Doc. 1 at 2, ¶ 7, (b) her overall annual evaluations had been "above

3

'meeting expectations,'" id. at 5, ¶ 25, and (c) she had "received numerous reports of exceptional work," id. at 2, ¶ 7;

(3) Hathorn had been selected to be an "HR Champion," id., and not only conducted training for supervisors, but also coordinated training for other Sodexo sites in the region;

(4) Cathy Wedman became Director of Food and Nutrition in 2010, and due to Hathorn's frequent involvement in personnel issues concerning Wedman's subordinates, Wedman's attitude toward her "became increasingly hostile," id. at 3, ¶ 10;

(5) in March 2011, Hathorn's mother underwent surgery for a serious health condition, and Hathorn "was required, from time to time, to alter her work schedule by coming in late or taking a longer lunch in order to provide care for her mother," id. ¶ 11;

(6) Hathorn was entitled to alter her work schedule because she had "worked for [Sodexo] . . . for more than one (1) year and for more than 1,250 hours within the one year prior to her need for leave," id. at 6, ¶ 32;

(7) "[a]lthough Wedman was aware of [Hathorn's] . . . need to care for her mother, Wedman demanded more and more from [her] . . . [and] indicated that she wanted . . . [Hathorn] to prove that work was her top priority regardless of [Hathorn's] . . . need to care for her mother," id. at 3, ¶ 12;

(8) "Wedman pressured . . . [Hathorn] to return to work as soon as possible, which caused [Hathorn] . . . to take less time off than she was entitled to take," id.;

(9) after Hathorn complained to her supervisor, Gordon Heiselbetz, about Wedman's demands in March 2011, Hathorn was advised that she would no longer report to Heiselbetz and that she would instead report to Wedman;

4

(10) Hathorn's efforts to schedule a meeting with Wedman regarding Wedman's expectations about Hathorn's duties were unsuccessful, and Wedman "continued to verbally berate [Hathorn] . . . regarding tasks which [Hathorn] . . . was . . . unaware Wedman needed completed or items which had not previously been [Hathorn's] . . . responsibility," id. at 4, ¶ 16;

(11) in July 2011, Hathorn again contacted Heiselbetz regarding Wedman's conduct and the effect Wedman's conduct had on Hathorn's work; Heiselbetz did not respond, and Wedman's behavior continued;

(12) "[d]ue to Wedman's increasing demands, [Hathorn] . . on . . . August 14, 2011, . . . emailed Wedman asking her to explain her expectations [about Hathorn's work]," id. ¶ 20;

(13) the following day, Hathorn received by email a response from Wedman as well as a request to attend a meeting on August 16, 2011;

(14) the latter email did not include an agenda for the meeting, and it identified Hathorn, Wedman and Heiselbetz as the only attendees;

(15) when Hathorn arrived at the meeting, she learned that it was instead "a Constructive Counseling Session," id. at 5, ¶ 22; and

(16) during the meeting, Hathorn received a written warning for alleged performance issues that had been signed by Wedman, Heiselbetz and Susan Miller, Sodexo's Human Resources Regional Director.

Hathorn has alleged in her complaint that "[t]he stress of Wedman's demands [has] caused [her] . . . to suffer from asthma attacks, for which she [has] sought medical attention[.]" Id. ¶ 26. Hathorn has further alleged that "[d]ue to Wedman's continued

5

harassment . . . [and Sodexo's] . . . unlawful employment practices," id., she was forced to resign from her employment on August 17, 2011.

In Count II of her complaint, Hathorn has alleged

(1) that she was entitled to medical leave not only to treat her own health problems, but also to care for a parent with a serious health condition; and

(2) that Wedman's actions constitute interference with, and retaliation for,[3] her use and/or attempted use of medical leave for self-care and to care for her mother. See id. at 6, ¶ 31.

Sodexo has argued that it is entitled to dismissal of Count II because Hathorn cannot make a sufficient factual showing of either interference or retaliation and because Hathorn's claims based upon her mother's serious health condition in March 2011 are time-barred.

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . to care for . . . a . . . parent . . . if such . . . parent has a serious health condition[ ] . . . . [or] [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(C)-(D). The FMLA further provides that "[i]t shall be unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA] . . . ." Id. § 2615(a)(1).

_____

[3]The elements and burden of proof as well as the timing of the adverse employment action differ between an FMLA interference claim and an FMLA retaliation claim. E.g., Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287 (10th Cir. 2007).

To prevail on a claim for FMLA interference under section 2615(a)(1), a plaintiff must show (1) entitlement to FMLA leave, (2) an adverse action by her employer that interfered with her right to take FMLA leave, and (3) a causal relationship between the adverse action and the exercise or attempted exercise of FMLA rights. E.g., Brown v. ScriptPro, LLC, 700 F.3d 1222, 1226 (10th Cir. 2012).

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the . . . [C]ourt to draw on its judicial experience and common sense.'" Burnett v. Mortgage Electronic Registration Systems, Inc., 706 F.3d 1231, 1236 (10th Cir. 2013)(quoting Iqbal, 556 U.S. at 679). The Tenth Circuit has stated that "[t]his contextual approach means comparing the pleading with the elements of the cause[ ] of action." Id. (citing Khalik, 671 F.3d at 1193). Thus, to survive dismissal, Hathorn must "'set forth [a] plausible claim[ ]' animating the elements of her cause[ ] of action. Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." Id. (quotations omitted).

As stated, Hathorn has alleged in support of her FMLA interference claim

(a) that in March 2011, her mother underwent surgery, and that "from time to time, [Hathorn was required] to alter her work schedule by coming in late or taking a longer lunch in order to provide care for her mother," Doc. 1 at 3, ¶ 11;

(b) that she "was entitled to medical leave because she required time off to care for

7

a parent," id. at 6, ¶ 32,[4] the seriousness of whose health condition Sodexo has not challenged at this stage;

(c) that "Wedman was aware of [Hathorn's] . . . need to care for her mother," id. at 3, ¶ 12;[5]

(d) that Wedman nevertheless demanded that Hathorn "prove that work was her top priority regardless of her need to care for her mother," id.; and

(e) that Wedman's demands interfered with, and hindered, Hathorn's right to take FMLA leave[6] because she was "pressured . . . to return to work as soon as possible," id., and "take less time off than she was entitled to take." Id.[7]

_____

[4]The FMLA neither requires in every instance "a covered employee to specifically ask for FMLA benefits," Tate v. Farmland Industries, Inc., 268 F.3d 989, 997 (10th Cir. 2001), nor requires in every instance "[a]n employee [to] . . . expressly assert rights under the FMLA or even mention the FMLA." Id. (citing 29 C.F.R. §§ 825.302(c), 825.303(b))(further citation omitted).

[5]Accepting Hathorn's allegations as true, as the Court is required to do at this stage of the proceedings, the Court may infer that Wedman knew that Hathorn's "time off" qualified as FMLA leave. Accordingly, for purposes of the instant motion, the Court has disregarded Sodexo's unsupported statement in its reply that "while the plaintiff certainly could have designated her 'longer lunches' and 'late arrivals' in March 2011 as FMLA qualifying (after all, the plaintiff presumably had all of the needed FMLA forms available in her Human Resources office), she never once did so." Doc. 20 at 2.

[6]The Tenth Circuit has stated that "the second element of an interference claim [may be satisfied if] . . . the employee . . . show[s] that she was prevented from taking the full 12 weeks' of leave guaranteed by the FMLA . . . ." E.g., Campbell, 478 F.3d at 1287 (citations omitted).

[7]Although Hathorn has alleged in Count II of her complaint that she was also entitled to medical leave for her own health problems and that Wedman's actions interfered with her use and/or attempted use of medical leave for self-care, the focus of her complaint is the "time off," Doc. 1 at 6, ¶ 32, associated with her mother's health. There are no well-pleaded factual allegations that Hathorn requested, and/or was denied, leave for her own medical problems, that she used leave in connection with such problems or that Wedman knew of Hathorn's health issues. Accordingly, to the extent Hathorn has attempted to assert a claim for interference or retaliation under the FMLA based upon her on own health condition, she has failed to do so.

8

After reviewing Hathorn's well-pleaded allegations as a whole and drawing all reasonable inferences in her favor and after comparison of Hathorn's pleading with the elements of an FMLA interference claim, the Court finds Hathorn has "'sufficiently alleged facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" Lane v. Simon, 495 F.3d 1182, 1186 (10th Cir. 2007)(quotation omitted). Accordingly, Sodexo is not entitled to dismissal of Hathorn's FMLA interference claim.[8]

As stated, Sodexo has also challenged Hathorn's retaliation claim. Under this type of claim, the employee has successfully taken FMLA leave and, upon return to work, has been "adversely affected by an employment action based on incidents post-dating her return . . . ." Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287-88 (10th Cir. 2007) (citations omitted).

Unlike Hathorn's interference claim, this claim is subject to the burden-shifting analysis that was set out by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to analyze claims brought under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. E.g., Campbell, 478 F.3d at 1290; Metzler v. Federal Home Loan Bank of Topeka, 464 F.3d 1164, 1170 (10th Cir. 2006). Under McDonnell Douglas, Hathorn must initially show that she has been subjected to retaliatory

_____

[8]The Court's finding is in accord with Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), wherein the United States Supreme Court "held that 'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination.'" Twombly, 550 U.S. at 569 (quoting Swierkiewicz, 534 U.S. at 508). As stated, Hathorn is not required to "allege 'specific facts' beyond those necessary to state . . . [her] claim and the grounds showing entitlement to relief." Id. at 570 (citing Swierkiewicz, 534 U.S. at 508). She is only required to plead "enough facts to state a claim to relief that is plausible on its face[,]" id., and the Court finds Hathorn has "nudged . . . [her] claim[ of FMLA interference] across the line from conceivable to plausible . . . ." Id.

9

treatment[9] by Sodexo by alleging (1) that she asserted her rights under the FMLA, (2) that Sodexo took an action that a reasonable employee would have found materially adverse and (3) that there exists a causal connection between her request for, or use of, FMLA leave and the adverse employment action.[10] E.g., Metzler, 464 F.3d at 1171.

Hathorn is not required to prove her case in her complaint; she must, however, allege facts which plausibly support the allegation that Sodexo retaliated against her. To this end, Hathorn has alleged

(a) that in March 2011, after her mother underwent surgery, she (Hathorn) "alter[ed] her work schedule by coming in late or taking a longer lunch in order to provide care for her mother," Doc. 1 at 3, ¶ 11;

(b) that Wedman made demands upon her and although she (Hathorn) complained to Heiselbetz, he took no action and in fact, Hathorn was advised that she would no longer report to Heiselbetz, but would instead report to Wedman;

(c) that Wedman thereafter "verbally berate[d] [her] . . . regarding tasks which [she] . . . was . . . unaware Wedman needed completed or items which had not previously been [her] . . . responsibility," id. at 4, ¶ 16;

---

[9]"The FMLA makes it unlawful for an employer to retaliate against an employee for exercising her rights to FMLA leave." Khalik, 671 F.3d at 1193 (citing 29 U.S.C. § 2615(a)(2)).

[10]Because Sodexo has challenged only Hathorn's initial ability to allege sufficient facts showing  retaliation, the Court has not considered the two remaining steps in the McDonnell Douglas framework, namely, whether Sodexo, to which the burden of production shifts at step two, has articulated "a legitimate, nondiscriminatory reason," Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981), for its actions, and, if so, whether Hathorn, on whom the burden of persuasion falls, has shown at step three that Sodexo intentionally retaliated against her because she requested and/or took FMLA leave.

(d) that Wedman required Hathorn to attend "a Constructive Counseling Session," id. at 5, ¶ 22, at which Hathorn received a written warning for alleged performance issues;[11] and

(e) that Hathorn had never received an unfavorable complaint about her performance prior to March 2011 and, thus, prior to her "time off," Doc. 1 at 6, ¶ 32, to care for her mother.[12]

After reviewing Hathorn's well-pleaded allegations as a whole in a light most favorable to her and drawing all reasonable inferences in her favor and after comparison of Hathorn's pleading with the elements of an FMLA retaliation claim, the Court again finds that the complaint "allow[s] for at least a 'reasonable inference' of the legally relevant facts . . . ." Burnett, 706 F.3d at 1236 (citation omitted). Accordingly, Sodexo is not entitled to dismissal of this claim for failure to state a claim for relief.[13]

---

[11]Sodexo has not challenged Hathorn's assertion that a negative performance evaluation or a written warning qualifies as an adverse employment action under the FMLA.

[12]"The 'critical inquiry' at this prima facie stage is 'whether the plaintiff has demonstrated that the [employer's] action occurred under circumstances which give rise to an inference of unlawful discrimination.'" Metzler, 464 F.3d at 1164 (quoting Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1221 (10th Cir. 2002)(quotations omitted)). "[T]emporal proximity between protected conduct and . . . [the adverse employment action is recognized] as relevant evidence of a causal connection sufficient to 'justify an inference of retaliatory motive.'" Id. (quotation omitted). While "a plaintiff may rely on temporal proximity alone," id. (quoting Anderson v. Coors Brewing, 181 F.3d 1171, 1179 (10th Cir. 1999))(emphasis deleted), she may do so "only if 'the . . . [adverse action] is very closely connected in time to the protected activity.'" Id. (quoting Anderson v. Coors Brewing, 181 F.3d 1171, 1179 (10th Cir. 1999))(emphasis deleted). The allegations in the complaint show that Hathorn arguably engaged in protected activity in March 2011 and that immediately thereafter, she not only was subjected to castigation, but also received a written warning regarding the performance of her duties.

[13]As case law teaches, a court must permit "a well-pleaded complaint . . . [to] proceed even if . . . actual proof of th[e] facts [as alleged] is improbable, and '. . . recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

11

Sodexo has next argued that Hathorn's FMLA claims are time-barred. Title 29, section 2617 of the United States Code provides that any action to recover damages or equitable relief under the FMLA shall "be brought . . . not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought," 29 U.S.C. § 2617(c)(1), except "for a willful violation . . . , [which] such action may be brought within 3 years of the date of the last event constituting the alleged violation . . . ." Id. § 2617(c)(2). For the "three-year statute of limitations to apply, a plaintiff must demonstrate that h[er] employer 'knew or showed reckless disregard' for whether its conduct was prohibited by the FMLA." Bass v. Potter, 522 F.3d 1098, 1104 (10th Cir. 2008)(citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988))(other citation omitted).

Hathorn filed her complaint on July 3, 2013; thus, her retaliation claim is timely to the extent it is grounded on her allegations that once she altered her work schedule and took time off (a) Wedman "continued to verbally berate," Doc. 1 at 4, ¶ 16, her after July 3, 2011, and (b) Sodexo retaliated by issuing the written warning in August 2011.

Hathorn's interference claim, on the other hand, accrued in March 2011, and the Court finds Hathorn's conclusory assertion that Sodexo's "actions were willful," id. at 7, ¶ 34, is insufficient to trigger the three-year period provided by section 2617(c)(2). Accordingly, the complaint must contain other allegations from which the Court may infer that Sodexo either knew that Wedman's intentional conduct or Heiselbetz's deliberate failure to act was prohibited by the FMLA or showed reckless disregard whether such conduct or failure to act was prohibited.

Based upon its review of the complaint and again construing Hathorn's allegations in the light most favorable to her, the Court finds Hathorn has sufficiently alleged that

Sodexo (through Wedman and/or Heiselbetz) either acted with the knowledge that the conduct about which she had complained was prohibited by the FMLA or recklessly disregarded the legal protection afforded her by the FMLA.

Finally, Sodexo has argued that to the extent that Hathorn has alleged that she was never "notified of her rights under the FMLA," Doc. 1 at 3, ¶ 14, such allegation alone does not give rise to a claim of interference for which relief may be granted in this instance.[14] While an employer's "[f]ailure to follow the notice requirements . . . may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights," 29 C.F.R. § 825.300(e), and have consequences, the employee is not entitled to relief absent a showing of prejudice. E.g., Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002).

As the United States Supreme Court has stated, to prevail on an FMLA claim, "an employee must prove, as a threshold matter, that the employer violated [section] 2615 . . . [and] [e]ven then, . . . [the FMLA] provides no relief unless the employee has been prejudiced by the violation[.]" Ragsdale, 535 U.S. at 89. There are no allegations in the complaint that permit the Court to infer, even assuming Sodexo failed to notify Hathorn of her FMLA rights, that Hathorn, who was Sodexo's Human Resources Manager and responsible for training others, was prejudiced by Sodexo's failure to notify her of her FMLA rights under the limited circumstances of this case.

---

[14]In support of its argument, Sodexo has relied upon Holmes v. Board of County Commissioners, 2013 WL 2368394 (W.D. Okla. 2013), wherein it was stated that the plaintiff had confessed her FMLA claims by arguing only that the defendant had not appropriately advised her of her rights, for which such omission the plaintiff had suffered no prejudice.

13

Based upon the foregoing, the Court

(1) GRANTS Sodexo's Motion to Dismiss FMLA Claims [Doc. 16] filed on August 28, 2013, to the limited extent that the Court hereby DISMISSES Hathorn's FLMA claims, if any, (1) that are grounded on Sodexo's failure to notify her of her rights under the FMLA and (2) that involve her own health conditions;[15] but

(2) FINDS as to the latter claim that such dismissal is without prejudice, and that Hathorn, as she has requested, should be and is hereby GRANTED the opportunity subject to Rule 11, F.R.Civ.P., and in accordance with Twombly and Iqbal "to frame a 'complaint with enough factual matter (taken as true) to suggest' that . . . she is entitled to relief," Robbins, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 556), against Sodexo under the FMLA for self-care; and

(3) DIRECTS Hathorn, should she intend to pursue this FMLA claim against Sodexo, to file an amended complaint within twenty-one (21) days of this date.

ENTERED this _3rd_ day of October, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[15]See n.7 supra.